UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AMIT AGARWAL,

                    Plaintiff,                      Case No. 1:20-cv-12150

v.                                        Honorable Thomas L. Ludington
                                         United States District Judge

MORBARCK, LLC,

                    Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, DISMISSING PLAINTIFF'S COMPLAINT, AND DENYING
DEFENDANT'S MOTION FOR SANCTIONS**

Plaintiff Amit Agarwal has requested entry of final judgment of noninfringement because he is "unable to prove patent infringement under the Court's recently issued claim construction of the term 'passive sensor' common to all claims-in-suit." *See* ECF No. 47. In sum, he asks this Court to enter judgment in Defendant's favor so he can appeal. *Id.* Defendant Morbarck, LLC "does not oppose entry of judgment of non-infringement as Plaintiff proposes, but has filed a motion for sanctions[, ECF No. 49,] pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and this Court's inherent authority." ECF No. 52 at PageID.773. For the reasons stated hereafter, Plaintiff's Motion for Summary Judgment will be granted, and Defendant's Motion for Sanctions will be denied.

**I.**

The most feasible way to grant Plaintiff's request is through a stipulated entry of summary judgment. *See, e.g.*, *Cap. Mach. Co. v. Miller Veneers, Inc.*, No. 1:09-CV-00702-JMS, 2013 WL 6560917, at *1 (S.D. Ind. Dec. 13, 2013), *aff'd*, 568 F. App'x 896 (Fed. Cir. 2014). A motion for summary judgment should be granted if the movant "shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Both have parties have conceded to entry of summary judgment of noninfringement in favor of Defendant. Therefore, there is no genuine dispute as to any material fact regarding whether Defendant infringed U.S. Patent 6,418,004; it did not. For that reason, summary judgment of noninfringement will be entered in Defendant's favor.

## II.

On November 5, 2021, this Court entered an opinion and order that effectively defeated Plaintiff's claim of infringement. *See Agarwal v. Morbarck, LLC*, No. 1:20-CV-12150, 2021 WL 5150610, at *5, *7 (E.D. Mich. Nov. 5, 2021).

On December 10, 2021, Defendant filed a motion seeking sanctions against Plaintiff. ECF Nos. 49; 51. In essence, Defendant claims that Plaintiff should be sanctioned because his lawsuit was frivolous and because he refused to dismiss his lawsuit. ECF No. 49 at PageID.744. Specifically, Defendant claims that Plaintiff should be sanctioned:

> (1) under Rule 11, given Agarwal's clearly baseless infringement position against Morbark that was completely unsupported by the patent at issue or applicable law; (2) under Section 1927, given Agarwal is a patent attorney who needlessly and significantly multiplied proceedings through multiple lawsuits and a shotgun approach to motion and discovery practice; and (3) the Court's inherent authority to sanction Agarwal for this conduct.

*Id.* at PageID.746. Each claim will be addressed in turn.

## A.

Defendant demands that this Court "sanction [Plaintiff] under Fed. Civ. R. 11." *See id.* at PageID.753. Specifically, Defendant asserts that Plaintiff should have known his argument would not prevail because he is a licensed patent attorney. *See id.* at PageID.756.

Rule 11 provides that:

sanctions may be imposed if "a reasonable inquiry [would have] disclose[d] [that] the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay."

*Dunn v. Post*, No. 20-CV-11329, 2021 WL 1439705, at *4 (E.D. Mich. Apr. 16, 2021) (quoting

*Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010)).

**B.**

Defendant claims that "Agarwal's conduct is also improper and should be sanctioned under 28 U.S.C. § 1927." ECF No. 49 at PageID.757. Specifically, Defendant wishes this Court to sanction Plaintiff for refiling his suit in this Court, diligently filing timely motions, not conceding to all Defendant's scheduling needs, and for having a pecuniary interest in enforcing his patent. *See* ECF No. 49 at PageID.758–59.

Section 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Under § 1927's objective standard, a district court may impose sanctions under § 1927 when it determines that "'an attorney reasonably should know that a claim pursued is frivolous.'" *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (citing *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986)). Simple inadvertence or negligence, however, will not support sanctions under § 1927. *Id.* (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)); *see also id.* ("'There must be some conduct on the part of the subject attorney that trial judges, applying collective wisdom of their experience on the bench could agree falls short of the obligations owed

by a member of the bar to the court.'" (quoting *Ruben*, 825 F.2d at 984)). In this way, reckless conduct can warrant to sanctions under § 1927.

### C.

Finally, Defendant requests that this Court "use its inherent authority to sanction [Plaintiff]." ECF No. 49 at PageID.759 (emphasis omitted). Defendant adds nothing specific to this request.

This Court has the "inherent authority to award fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons." *First Bank of Marietta v. Hartford Underwriters Ins.*, 307 F.3d 501, 512 (6th Cir. 2002) (internal citations omitted). Thus, sanctions are warranted in cases of fraud, when "the very temple of justice has been defiled," or when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Universal Oil Prods. Co. v. Root Refin. Co.*, 328 U.S. 575, 580 (1946); *Hutto v. Finney*, 437 U.S. 678, 690 n.14 (1978). In the Sixth Circuit, the court need not even find bad faith, as conduct "tantamount to bad faith" will suffice. *See Banner v. City of Flint*, 99 F. App'x. 29, 37–38 (6th Cir. Apr. 8, 2004) (per curiam) (unpublished); *Grinnell Bros. v. Touche Ross & Co.*, 655 F.2d 725, 727 (6th Cir. 1981).

### D.

Although Plaintiff did not prevail in this Court, "[a]dmittedly, [it was] a close case with seemingly contradictory precedent." *Agarwal v. Morbarck, LLC*, No. 1:20-CV-12150, 2021 WL 5150610, at *4 (E.D. Mich. Nov. 5, 2021). Moreover, attorney or not, Rule 11 does not require potential litigants to predict the future to avoid sanctions. In this way, Plaintiff's claim was well grounded in fact, not frivolous, and not intended to harass or delay. Further, Plaintiff voluntarily dismissed his first suit to refile it in this Court. *See* ECF No. 50 at PageID.766. Granted, as

Defendant indicates, Plaintiff has a financial stake in this litigation. *See* ECF No. 49 at PageID.747. But one of the primary purposes of a patent is to protect and profit from technology. *See* Yaniv Heled, *Patents vs. Statutory Exclusivities in Biological Pharmaceuticals—Do We Really Need Both?*, 18 MICH. TELECOMMS. & TECH. L. REV. 419, 436 (2012); Ted Sichelman & Stuart J.H. Graham, *Patenting by Entrepreneurs: An Empirical Study*, 17 MICH. TELECOMMS. & TECH. L. REV. 111, 112 (2010).

If attorneys were sanctioned for pursuing reasonable arguments, like those Plaintiff pursued here, attorneys would be practically useless. The only legal claims that could be properly brought would be those involving no question at all. Further, pro se litigants are equally susceptible to sanctions. *See Amadasu v. Holloway Credit Sols., LLC*, 2009 WL 948767, at *8 (S.D. Ohio Apr. 3, 2009) (citing *Wages v. IRS*, 915 F.2d 1230 (9th Cir. 1990)). So, under Defendant's sanction regime, even ordinary citizens would be wrought with fear for pursuing claims rooted in reasonable disagreement. With all the injustices in today's world, it can be easy to assume the worst in others. But we would all benefit from a bit more grace. Here, Plaintiff did nothing but diligently pursue patent litigation. For these reasons, he will not be sanctioned.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 47, is **GRANTED**, and judgment of noninfringement will be entered in Defendant's favor.

Further it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED**.

Further, it is **ORDERED** that Defendant's Motion for Sanctions, ECF No. 49, is **DENIED**.

Dated: December 20, 2021                    s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge